IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| WAYNE MARTIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil No. 3:13cv35–HEH |
| ) | |
| CAROLYN W. COLVIN, ) | |
| Commisioner of Social Security, ) | |
| Defendant. ) | |

## MEMORANDUM OPINION
(Overruling Objections to and Adopting Report and Recommendation)

This is an action challenging the Social Security Administration's ("SSA") denial of Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") to Plaintiff Wayne Martin. The matter is presently before the Court on the Report and Recommendation ("R&R" (ECF No. 12)) filed pursuant to 28 U.S.C. § 636(b)(1) by the Honorable David J. Novak, United States Magistrate Judge ("Magistrate Judge"), on January 16, 2014. The Magistrate Judge's R&R addresses the parties' cross-motions for summary judgment and recommends the Court affirm SSA's decision. Wayne Martin ("Plaintiff") has filed objections to the R&R. ("Plaintiff's Objs." (ECF No. 13)). The Court will dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court, and argument would not aid the decisional process.

For the reasons set forth herein, Plaintiff's objections will be overruled and the R&R will be adopted as the opinion of this Court. Accordingly, Defendant's Motion for

1

Summary Judgment will be granted; Plaintiff's Motion for Summary Judgment will be denied; and the decision of the Commissioner will be affirmed.

## I. BACKGROUND[1]

### A. Vocational History

Prior to injuring his back, Plaintiff worked as a supervisor at a juvenile detention center for approximately fifteen years. (R. at 30-31.) He attended college, but did not receive a degree. (R. at 29.)

### B. Medical History

On April 20, 2005, Plaintiff injured his back while on the job at the juvenile detention center. (R. at 379, 518.) His injury worsened later in 2005 when an inmate "came across the desk on top of [him]" during the intake procedure. (R. at 518.)

From April 2005 to August 2007, Plaintiff worked "on and off modified duty." (R. at 262.) In October 2005, an MRI revealed postercentral protrusion of disc with slight left posterior paracentral asymmetry, degenerative disc disease, annular bulging and facet anthropathy, with no disc herniation or stenosis. (R. at 394.) An August 2007 MRI showed similar results. (R. at 392.)

Plaintiff went on modified duty in August 2007 with the intent to undergo back surgery. (R. at 262.) Instead, Plaintiff underwent physical therapy and told Dr. Daniel Martin that he was not ready for surgery. (R. at 311, 323.) Plaintiff continued to see Dr.

---

[1] The following facts are drawn from the administrative record, which has been filed under seal pursuant to E.D. Va. L. R. 5 and 7(C). In accordance with these Rules, this Court will endeavor to exclude any personal identifiers from its discussion, and will incorporate Plaintiff's medical information only to the extent necessary for proper analysis. The Court will reference the record using the following citation format: (R. at [page number].).

2

Martin, who administered steroid injections, encouraged plaintiff to have surgery, and restricted Plaintiff's work to sedentary duty for four hours a day. (R. at 321, 363.)

Upon Dr. Martin's referral, Plaintiff visited Dr. Claiborne Irby several times. (R. at 313-15.) Dr. Irby evaluated Plaintiff and encouraged surgery, stating that he had no other options to offer Plaintiff. After several more visits, Plaintiff indicated he was not interested in surgery and instead would be filing for Social Security. Dr. Irby referred him to Dr. Charles Bonner for chronic pain management. (R. at 303.)

Dr. Bonner evaluated Plaintiff on April 27, 2010 and reported normal gait and station, a negative straight leg raise ("SLR"), and no focal weakness, though a generalized weakness for Plaintiff's age and condition.[2] (R. at 380.) Dr. Bonner treated Plaintiff with a fitness program, nutrition plan, and medication.[3] (R. at 380.) Throughout numerous visits between September 2010 and January 2011, Plaintiff's reported pain and function varied: sometimes he felt worse than the last visit, sometimes better, and often the same. (R &R at 9.)

Amanda Gallagher, M.S., P.T. , C.W.C.E., completed a Functional Capacity Evaluation ("FCE") in January of 2009. (R. at 517.) After Plaintiff's completion of balance and strength tests in addition to a multitude of other activities, Ms. Gallagher reported that Plaintiff demonstrated the ability to perform medium levels of work with certain reasonable restrictions. (R. at 520-34, 542.) Indicating some inconsistencies in

---

[2] Dr. Bonner also reported that Plaintiff had intact light touch sensation, reduced lumbosacral range of motion with stiffness and pain, tenderness to palpitation in the right sacroiliac area, gluteal musculature, greater trochanter and iliotibial band.

[3] Dr. Bonner continued Plaintiff's prescription for Hydrocodone, started him on Trazodone, and renewed his Flexeril prescription. (R. at 380.)

3

Plaintiff's subjective pain reports and the tests, Ms. Gallagher opined that Plaintiff generally could do more than he stated or perceived. (R. at 542.) In her assessment, Plaintiff may have been capable of returning to his previous position in a full-time capacity without significant accommodations. (R. at 542.)

After a medical consultation with Plaintiff on June 29, 2010, Dr. Nancy Powell opined that Plaintiff could stand and/or walk for six hours with frequent breaks and sit for six hours. (R. at 369.)

Based on an overall assessment of the documented findings, the reviewing state agency physician, Dr. Martin Cader, ruled that Plaintiff was not disabled on October 22, 2010. (R. at 100.) According to Dr. Cader, Plaintiff could perform light work, stand or walk about six hours in an eight hour day, and also sit for six hours in an eight hour day. (R. at 97.)

Throughout 2011, Plaintiff continued to visit Dr. Bonner, now with greater complaints of pain, tingling, and numbness in his foot. (R. at 483-85, 490.) A Preliminary EMG/NCS Report from August showed Plaintiff was unable to walk on his toes and his heel with constant numbness of his left foot. (R. at 513.) His MRI revealed disc protrusion with significant nerve impingement, and he continued to report increased back pain caused by activity. (R. at 481.)

In a letter written on November 19, 2011, Dr. Bonner opined that he did not believe Plaintiff was ready to attempt to work and Dr. Irby's limitations were reasonable. (R. at 544, 546.)

## C. Procedural History

Plaintiff filed an application for DIB and SSI on February 19, 2010 with an amended alleged onset date of February 23, 2009, claiming disability under the Social Security Act[4] (the "Act") due to degenerative disc disease of the lumbar spine. (R. at 166-76.) Disability Determination Services ("DDS") initially denied Plaintiff's application for benefits on July 8, 2010, and again on reconsideration on October 22, 2010. (R. at 103-20.)

Following Plaintiff's request, an Administrative Law Judge ("ALJ") conducted a hearing on November 14, 2011 and determined that Plaintiff was not disabled. (R. at 22-60.) The Appeals Council subsequently denied Plaintiff's request for review, rendering the decision of the ALJ the final decision of the Commissioner. (R. at 1-6.)

Plaintiff challenged the Commissioner's decision under 42 U.S.C. § 405 (g).[5] Both parties filed motions for summary judgment (Pl. Mot. Sum. J. (ECF No. 7)), (Def. Mot. Sum. J. (ECF No. 9)), which were referred to the Magistrate Judge for R&R. (Scheduling Order (ECF No. 5)).

---

[4] A disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 416(i)(1).

[5] 42 U.S.C. § 405 (g) provides:
> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow. Such action shall be brought in the district court of the United States for the judicial district in which the plaintiff resides . . . .

At the time he filed suit, Plaintiff was a resident of Richmond, Virginia. Venue is therefore proper in this Court. E.D. Va. Local R. 3(B)(4).

Upon review, the Magistrate Judge considered three issues: (1) whether the ALJ erred in assigning less than controlling weight to Plaintiff's treating physician; (2) whether substantial evidence exists to support the ALJ's assessment of Plaintiff's credibility; and (3) whether substantial evidence supports the ALJ's determination that Plaintiff could perform limited light work. (R & R at 15.) After a detailed analysis, the Magistrate Judge concluded that the ALJ applied the correct legal standard to arrive at a decision on all three issues that was supported by substantial evidence. Plaintiff has now filed objections to the R&R.

## II. Standard of Review

This Court reviews *de novo* any part of the Magistrate Judge's R&R to which a party has properly objected. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). A reviewing court may accept, reject, or modify, in whole or part, the Magistrate Judge's recommended disposition. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3).

"Determination of eligibility for Social Security benefits involves a five-step inquiry." *Walls v. Barnhart*, 296 F.3d 287, 290 (4th Cir. 2002); *see also Johnson v. Barnhart*, 434 F.3d 650, 653 n. 1 (4th Cir. 2005). At the first step, the claimant must demonstrate that he is not engaged in substantial gainful activity ("SGA")[6] at the time of application. 20 C.F.R. § 404.1520(b). Second, the claimant must prove that he has a "severe impairment . . . or combination of impairments which significantly limit[] [his]

---

[6] SGA is work that is both substantial and gainful as defined in 20 C.F.R. § 404.1572. Substantial work activity is "work activity that involves doing significant physical or mental activities. Your work may be substantial even if it is done on a part-time basis or if you do less, get paid less, or have less responsibility than when you worked before." 20 C.F.R. § 404.1572(a). Gainful work activity is work activity done for "pay or profit, whether or not a profit is realized." 20 C.F.R. § 404.1572(b).

6

physical or mental ability to do basic work activities . . ." *Id.* §404.1520(c). At the third step, if the impairment matches or equals one of the impairments listed in the Act, and the impairment lasts—or is expected to last—for at least twelve months, then it constitutes a qualifying impairment and the analysis ends. *Id.* § 404.1520(d); *see* 20 C.F.R. Part 404, Subpart P, Appendix 1 (listing impairments). If, however, the impairment does not conform to one of those listed, then the ALJ must compare the claimant's residual functional capacity ("RFC") with the "physical and mental demands of [the claimant's] past relevant work." *Id.* § 404.1520(f). If such work can be performed, then benefits will be denied. Finally, if the claimant cannot perform past work, then the burden shifts to the Commissioner to show that the claimant is capable of performing other work that is available in significant numbers in the national economy. *Id.* § 404.1520(g)(1).

When reviewing a denial of benefits by the Commissioner pursuant to 42 U.S.C. § 405(g), this Court must accept the Commissioner's findings of fact if they are supported by substantial evidence and were reached by applying the correct legal standard. *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012) (citing *Johnson*, 434 F.3d at 653); *Hines v. Barnhart*, 453 F.3d 559, 561 (4th Cir. 2006); *see also Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996) (clarifying that the question is not whether the claimant is disabled, but whether the ALJ's finding of no disability is supported by substantial evidence). A finding is supported by substantial evidence if it is based on "relevant evidence [that] a reasonable mind might accept as adequate to support a conclusion." *Johnson*, 434 at 653. In other words, substantial evidence requires more than a scintilla,

but less than a preponderance of the evidence. *Mastro v. Apfel*, 270 F.3d 171, 176 (4th Cir. 2001).

In determining whether substantial evidence exists, the Court must consider the record as a whole. *Wilkins v. Sec'y Dep't of Health & Human Servs.*, 953 F.2d 93, 96 (4th Cir. 1991). The Court may not, however, weigh conflicting evidence, evaluate the credibility of the evidence, or substitute its own judgment. *Mastro*, 270 F.3d at 176. Thus, if "conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled," the Court must defer to the Commissioner's decision. *Johnson*, 434 F.3d at 653 (citation omitted). At the same time, the court "must not abdicate . . . [its] duty to scrutinize the record as a whole to determine whether the conclusions reached are rational." *Oppenheim v. Finch*, 495 F.2d 396, 397 (4th Cir. 1974) (citations omitted). If the Commissioner's decision is not supported by substantial evidence in the record, or if the ALJ has made an error of law, the Court must reverse the decision. *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987).

### III. ANALYSIS

Plaintiff raises two objections to the R&R. First, he argues that the Magistrate Judge erred in finding the ALJ's assignment of little weight to Dr. Bonner's opinion was supported by substantial evidence. Second, he argues that the Magistrate Judge also erred in finding substantial evidence supports the ALJ's assessment of Plaintiff's credibility.

### A. The ALJ properly considered the opinion of Dr. Bonner.

When making a determination of whether an individual is disabled, the ALJ must consider the medical opinions in the case record along with the rest of the relevant evidence presented. 20 C.F.R. § 416.927. In determining how much weight to attribute to medical-opinion evidence, an ALJ should assess the following non-exclusive factors:

> (1) whether the physician has examined the applicant, (2) the treatment relationship between the physician and the applicant, (3) the supportability of the physician's opinion, (4) the consistency of the opinion with the record, and (5) whether the physician is a specialist.

*Johnson*, 434 F.3d at 654 (citing 20 C.F.R. § 404.1527).

Consistent with the foregoing factors, a treating physician's opinion must be given controlling weight if it is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence in the record. *Craig*, 76 F.3d at 590; *see also* 20 C.F.R. § 404.1527(c)(4) (explaining that the more consistent an opinion is with the record as a whole, the more weight it deserves.) As the Magistrate Judge noted, the regulations clearly do not require the ALJ to accept opinions from a treating physician in every situation, especially when the physician's opinion is inconsistent with other evidence or when it is not otherwise well supported. 20 C.F.R. § 404.1527(d)(2)-(6); (R&R at 20.) These same regulations specifically vest the ALJ—not the treating physician—with the authority to determine whether a claimant is disabled as that term is defined by statute. 20 C.F.R. § 404.1527(e)(1).

In the present case, Dr. Bonner opined that Plaintiff was not ready to attempt to work. (R. at 544.) Dr. Bonner based his opinion on his own examinations and Dr. Irby's

9

records and radiological studies. (R. at 546.) The ALJ gave this opinion little weight because it was inconsistent with other evidence in the record and Plaintiff's activities of daily living. (R. at 13, 15.)

As the Magistrate Judge explained, Dr. Bonner's opinion is inconsistent with other evidence in the record and even Dr. Bonner's own examinations and records. Specifically, Dr. Bonner's records indicate that both the pain medications and physical therapy were effective for the Plaintiff.

The Magistrate Judge also looked to the opinions of Dr. Powell and Ms. Gallagher as evidence of inconsistencies in Dr. Bonner's opinion. (R&R at 21-22.) Dr. Powell opined that Plaintiff could sit for six hours and stand and/or walk for six hours with more frequent breaks. (R. at 21.) In direct conflict with Dr. Bonner's assessment, Ms. Gallagher's FCE reports that Plaintiff demonstrated the ability to perform medium levels of work with reasonable restrictions. (R&R at 22.) The ALJ and Magistrate Judge properly afforded less weight to the portions of Dr. Bonner's opinions that were inconsistent with his own records, other professionals, Plaintiff's daily activities and treatment history, and thus the overall record. (R&R at 21.)

A reliance on Plaintiff's own testimony of his daily activities also caused the ALJ to assign less than controlling weight to Dr. Bonner's conflicting assessment. (R. at 13, 15.) Despite the pain he claimed, Plaintiff could still shower several times a week, cook occasionally, drive his daughter to school three times a week, go out to dinner and the grocery store, and attend church weekly. (R. at 39-40.)

Additionally, in rendering his judgment, the Magistrate Judge, pursuant to 42 U.S.C. § 405(g), may consider the "pleadings and transcript of the record." Thus, contrary to Plaintiff's contention, the statute gives the Magistrate Judge the authority to consider evidence not specifically raised by the ALJ. (Plaintiff's Objs. at 1–2.) Plaintiff cites *Radford v. Colvin*, 734 F.3d 288 (4th Cir. 2013), in support of his argument that the Magistrate Judge must look only at what the ALJ explained. (Plaintiff's Objs. at 2.) However, *Radford* involves a district court overturning an ALJ's denial of disability devoid of any explanation. 734 F.3d at 295. Furthermore, the ALJ's interpretation of the regulation and its explanation were also at issue in *Radford*. *Id.* at 294–95. The instant case has no such issue of regulatory interpretation. Therefore, the language Plaintiff cites does not apply when the Court finds sufficient evidence in the record to affirm the ALJ's decision.

The Magistrate Judge conducted a detailed review of the record and found an abundance of evidence supporting the ALJ's conclusion. (R&R at 20-22.) Accordingly, Plaintiff's objection to the lack of controlling weight given to the treating physician is overruled.

### B. Substantial evidence supported the ALJ's determination of Plaintiff's credibility.

According to the Fourth Circuit, an ALJ's credibility determinations deserve "great weight" because the ALJ "had the opportunity to observe the demeanor and determine the credibility of the claimant." *Shively v. Heckler*, 739 F.2d 987, 989 (4th Cir. 1984) (citations omitted). Therefore, an ALJ's credibility determinations must be

11

accepted absent "exceptional circumstances," which include "cases where 'a determination is unreasonable, contradicts other findings of fact, or is based on an inadequate reason or no reason at all.'" *Eldeco, Inc. v. NLRB*, 132 F.3d 1007, 1011 (4th Cir. 1997) (citations omitted). Despite the great deference afforded the ALJ's credibility assessment, the Magistrate Judge still conducted a review of the findings and the record to ensure it was supported by substantial evidence. Nothing in the record or the R&R indicates any type of exceptional circumstance.

When evaluating a claimant's subjective symptoms, the ALJ must conduct a two-step process. *Craig v. Charter*, 76 F.3d 585, 594 (4th Cir. 1996); *see also* SSR 96-7p; 20 C.F.R. §§ 404.1529(a) and 416.929(a). In step one the ALJ determines whether there is a medical impairment that could produce the individual's pain, and step two requires the ALJ to evaluate claimant's statements about the extent to which the pain affects the individual's ability to work. *Craig*, 76 F.3d at 595. Both steps require the ALJ to examine "all the available evidence" and provide specific reasons for weight given to the individual's statements. *Craig*, 76 F.3d 595-96; SSR 96-7p, at 5-6, 11. The ALJ found that Plaintiff satisfied step one, but found the Plaintiff's statements regarding the limiting effects of his pain were not credible to the extent they conflicted with the residual functional capacity assessment. (R. at 14.) In finding the overall medical record did not support the alleged severity of the pain, the ALJ cited the objective medical findings, the conservative nature of the claimant's medical care, and his current admitted activities of daily living. (R. at 15.)

First, viewing Plaintiff's daily activities, the Magistrate Judge found them supportive of the ALJ's determination that they were inconsistent with his subjective ratings of his pain. (R&R at 24.) To find support for the ALJ's finding of the conservative nature of the claimant's medical care, the Magistrate Judge detailed the Plaintiff's decision to forego surgery on several occasions. (R&R at 24-25.) Furthermore, the Magistrate Judge looked to Ms. Gallagher's assessment noting inconsistencies in Plaintiff's subjective reports and tests in determining that he could do more than he perceived. (R&R at 25.)

In light of the deference an ALJ's credibility assessment deserves, the Court finds that substantial evidence supports the ALJ's credibility assessment.

## IV. CONCLUSION

Based on the foregoing analysis, this Court will overrule Plaintiff's objections and will adopt the R&R. In accordance with the R&R, the Court herby DENIES Plaintiff's motion for Summary Judgment and GRANTS Defendant's Motion for Summary Judgment.

An appropriate Order will accompany this Memorandum Opinion.

/s/
Henry E. Hudson
United States District Judge

Date: April 22, 2014
Richmond, VA

13